# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BRENDA BLOUNT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHELBY RESIDENTIAL ) <br> VOCATIONAL SERVS., ) <br> ) <br> Defendant. ) | Case No. 2:17-cv-02296-JTF-tmp |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR DISMISSAL

Before the Court is Plaintiff's *pro se* Complaint alleging claims under Title VII of the Civil Rights Act of 1964. (ECF No. 1.) In accordance with Local Rule 4.1(b)(1), the Clerk issued summons to Blount for service upon Defendant Shelby Residential Vocational Services that same day. (ECF No. 7.) The matter was referred to the Magistrate Judge, by way of Administrative Order 2013-05, for management of all pretrial matters. On November 2, 2017, the Magistrate Judge issued a Report and Recommendation suggesting that this case be dismissed without prejudice for Plaintiff's failure to file proof of service. (ECF No. 9, 2.)

## I. FINDINGS OF FACT

Implicit in his Report and Recommendation, is the Magistrate Judge's determination that proposed findings of fact are not appropriate in this case. *Compare* Fed. R. Civ. P. 72(b)(1), *with* ECF No. 9. Rather, the Magistrate Judge issued his Report and Recommendation based on the Federal Rules of Civil Procedure, a September 2017 Order entered by the Magistrate Judge directing Plaintiff to effect service and file proof of service, and Plaintiff's failure to file proof of

service. (ECF No. 8, 1–2.) The Court, for purposes of its analysis, similarly incorporates the Federal Rules of Civil Procedure, the September 2017 Order entered by the Magistrate Judge, and Plaintiff's failure to file proof of service.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## III. ANALYSIS

The Magistrate Judge recommends that this Court dismiss this action without prejudice for Plaintiff's failure to timely effect service. This Court agrees. Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a properly issued summons and a copy of the complaint within 90 days of filing the complaint, absent a showing by the plaintiff of good cause for delay. *See* Fed. R. Civ. P. 4(c)(1) & 4(m). As of September 18, 2017, the time allotted to Plaintiff to effect service in the present matter had passed, and there was no proof of service on the record, *see* LR 4.1(e), nor had defendant made an appearance in the case. On that same day, the Magistrate Judge ordered Plaintiff to effect service and file proof of service by October 2, 2017, and warned Plaintiff that failure to timely comply with the Order may result in dismissal of her case. (ECF No 8.) To date, Plaintiff has not filed proof of service. Thus, this action is dismissed without prejudice, pursuant to Fed. R. Civ. P. 4, for Plaintiff's failure to timely effect service and file proof of service.

## IV. CONCLUSION

Upon *de novo* review of the Magistrate's Report and Recommendation, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** this action in its entirety.

**IT IS SO ORDERED** on this 11th day of December 2017.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
